IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WESTERN STATES RECLAMATION, INC.

    Plaintiff

v.

U. S. DEPARTMENT OF HOMELAND SECURITY;
JANET NAPOLITANO, Secretary, Department of Homeland Security;
JOHN MORTON, Director, U.S. Immigration and Customs Enforcement;

    Defendants.

---

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

---

PLAINTIFF, Western States Reclamation, Inc. ("Western States"), states and alleges the following in its Complaint for Declaratory Judgment and Injunctive Relief against Defendants, U.S. Department of Homeland Security ("DHS"), Janet Napolitano, and John Morton (individually by name or collectively "Defendants"). All of the allegations and other factual contentions made upon information and belief were formed after reasonable inquiry under the circumstances and are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigations and discovery.

### I. PARTIES

1. Western States is an environmental contracting corporation organized under the laws of Colorado, and has its principal place of business at 3756 Imperial Street, Frederick, CO 80516.

2. DHS is an executive department of the United States. *See* 6 U.S.C. § 111. DHS is responsible for the administration and enforcement of laws relating to immigration. *See* 8 U.S.C. § 1103. Immigration and Customs Enforcement ("ICE") is the principal investigative arm of DHS.

3. Janet Napolitano is the Secretary of the Department of Homeland Security. She is sued in her official capacity.

4. John Morton is the Director of U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

## II. JURISDICTION

5. This action arises under the Constitution of the United States and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*

6. Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331 (jurisdiction of civil actions arising under the Constitution and the laws of the United States) and the APA, 5 U.S.C. § 701 *et seq.*

## III. VENUE

7. Venue is proper in the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. §1391 because Western States resides in this district and because the cause of action arises in this district.

## IV. FACTS

8. Plaintiff, Western States, was founded in 1983 and provides services related to environmental restoration and land stewardship including comprehensive revegetation, erosion control, landscape maintenance, storm water management, habitat control and wildfire control.

9. Approximately forty percent of Western States' annual contract volume derives from participation on federal projects. Western States bids an average of 3 federally funded projects a week either as a prime contractor or as a subcontractor.

10. As a part of its environmental restoration work, Western States has developed the skills and expertise, among other things, to complete aerial fire restoration projects economically and at or under the specified contract times. As a result, Western States has been awarded more than fifty percent of the aerial fire restoration projects in the Western United States on which it has bid.

11. On August 4, 2010, ICE served Western States with a Notice of Intent to Fine Pursuant to Section 274A of the Immigration and Nationality Act. *Exhibit 1, Notice of Intent to Fine.* The Notice of Intent to Fine charged that:

A. Western States is in violation of §274A(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. §1324a(a)(1)(B), which renders it unlawful for an entity to hire for employment in the United States, an individual without complying with the requirements of §274A(b) of the Immigration and Nationality Act, 8 U.S.C. §1324a(b).

B. Western States is in violation of §274A(a)(2) of the Immigration and Nationality Act, 8 U.S.C. §1324a(a)(2) which renders it unlawful for a person or other entity, after hiring an alien for employment in the United States after November 6, 1986, to continue to employ the alien in the United States knowing that the alien is (or has become) an unauthorized alien with respect to such employment.

12. On August 31, 2010, Western States and ICE entered into a Final Binding Settlement to Cease Violations and Pay Fine ("Settlement Agreement"). *Exhibit 2, Form I-764*

*Final Order to Cease Violations and Pay Fine.* Pursuant to the Settlement Agreement, Western States admitted civil liability for violations of §274A(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. §1324a(a)(1)(B) and §274A(a)(2) of the Immigration and Nationality Act, 8 U.S.C. §1324a(a)(2). As consideration for the settlement Western States further agreed to pay a fine of $27,334.80 in 24 monthly installments.

13. The Settlement Agreement constitutes the full and final action on the case, binds the parties, and reflects the complete and entire understanding of the parties:

   A. Paragraph 7 states, "[R]espondent agrees to pay and ICE agrees to accept the sum of Twenty Seven Thousand Thirty Four dollars and Eighty Cents ($27,334.80) **in full satisfaction of the Final Order and of all claims set forth in the Notice.**" *Exhibit 2.* (emphasis added).

   B. Paragraph 14 states, "[T]his Agreement shall bind ICE and Respondent and its heirs, assigns, and successors in interest and all parent subsidiary, and affiliated firms, corporations and entities." *Id.*

   C. Paragraph 15 states, "[T]his Agreement contains the entire understanding of the Parties and fully supercedes any and all other representations, agreements or understanding with respect to its subject matter." *Id.*

14. Despite the terms of the Settlement Agreement, on January 20, 2011, ICE issued a Notice of Proposed Debarment and Action Referral Memorandum for the Issuance of Notice of Proposed Debarment to Western States ("ARM"). *Exhibit 3, Notice of Proposed Debarment and Memorandum.* The Notice of Proposed Debarment states that ICE has proposed Western States for debarment from Government contracting and from directly and indirectly receiving the

4

benefits of federal assistance programs pursuant to 48 C.F.R. §9.406-2(b)(2) and the Homeland Security Acquisition Manual.

15. As set forth in the Notice of Proposed Debarment and the ARM, ICE's decision to propose debarment is solely based upon Western States' admission of violations in the Settlement Agreement. The Notice of Proposed Debarment provides that the enclosed ARM and its attachments "set forth the basis for the proposed debarment under 48 C.F.R. §99.406-2(b)(2)." ***Exhibit 3***. The ARM alleges that Western States signed a Settlement Agreement in which it "admitted to civil violations of 8 U.S.C. §1324a(a)(1)(B) and 8 U.S.C. §1324a(a)(2)" and "[t]hese violations are cause of action under 48 C.F.R. §9.406-2(b)(2)." *Id.*

16. Pursuant to the Notice of Proposed Debarment, effective January 20, 2011, Western States has been placed in a proposed debarment status. ***Exhibit 3***. Western States' proposed debarment status includes the following consequences:

A. Western States appears in the General Services Administration's Excluded Parties List System containing the names of the contractors debarred, suspended, proposed for debarment, or declared ineligible by any agency of the Federal Government.

B. Agencies of the executive branch of the Federal Government can neither solicit offers, award contracts, renew or otherwise extend existing contracts, nor approve Western States as a subcontractor on federally funded projects requiring Government approval with unless the head of the agency taking the contracting action (or a designee) states in writing the compelling reasons for continued business dealings between Western States and the agency.

  C. Western States may not conduct business with the Federal Government as an agent or representative of other contractors, nor as an individual surety for other contractors.

  D. Other Federal Government contractors may not award subcontracts to Western States in excess of $30,000, unless there is a compelling reason to do so and the contractor first notifies the contracting officer and further complies with the provisions of 48 C.F.R. §9.405-2(b).

  E. The Federal Government will exclude Western States from Government non-procurement transactions, such as grants, cooperative agreement scholarships, fellowships, contracts of assistance, loans, loan guarantees, subsidies, insurance, payments for specified use, and donation agreements. Western States cannot act as an agent or representative of other participants in Federal assistance programs.

17. The Notice of Proposed Debarment provides that Western States may submit its response to the Notice in writing within 30 calendar days after receipt of the Notice and cites to 48 C.F.R. §9.406-3 for more information as to how Western States may contest the debarment procedures. ***Exhibit 3.*** The Notice of Proposed Debarment, the ARM, 48 C.F.R. §9.406-3, and the DHS Acquisition Manual all fail to provide Western States with a hearing prior to or promptly after ICE's proposed debarment.

18. The consequences described in paragraph 14 above have occurred without Western States having had an opportunity to be heard concerning the proposed debarment.

19. On January 28, 2010, Western States sent its Response to Notice of Proposed Debarment and Request for Expedited Decision and Request for Hearing ("Response") stating in

detail the reasons Western States believes debarment is not warranted. *Exhibit 4, Response to Notice of Proposed Debarment.* In that Response, Western States requested an expedited decision on the proposed debarment due to the significant current and ongoing harm suffered by Western States as a result of its proposed debarment status. ICE has provided no response to Western States' request for an expedited decision.

20. Significant current and ongoing harm has been and is being suffered by Western States as a result of the decision to place Western States in a proposed debarment status, including, but not limited to the following:

    A. Western States has suffered stigmatizing defamation as a result of ICE's proposed debarment affecting its ability to do business. Persons and entities upon which Western States relies for subcontracts and ongoing business, including Xcel Energy, have already received alerts as to Western States' proposed debarment status and have contacted Western States demanding an explanation. Because such persons and entities rely upon federal grants and subsidies for their projects, they cannot enter into new contracts or subcontracts with Western States while it is in proposed debarment status.

    B. Western States has been actively preparing a substantial bid proposal to complete the Four Mile Fire Aerial Restoration Project in Boulder County, Colorado to provide aerial reclamation services to address the devastating effects of the recent Four Mile Canyon fire. Western States has been planning to submit a bid to Boulder County to complete this work, however, while Western States is in proposed debarment status its bid will receive no consideration. The bids for this project are due on February 14, 2011.

This Project involves the National Forest Service and the Natural Resource Conservation Service and is funded by the United States Department of Agriculture.

C. In addition, Western States has been advised that it was to be awarded a contract with Scott Contracting, Inc. as a subcontractor on another project related to storm water management and revegetation for the Colorado Department of Transportation. Western States cannot proceed as a subcontractor on that project while it is in proposed debarment status.

## V. FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT)

21. Western States incorporates by reference the allegations set forth in paragraphs 1 through 20 of this Complaint as fully and completely set forth herein.

22. The Settlement Agreement between Western States and ICE fully and finally resolved ICE's claims against Western States for violations of 8 U.S.C. §1324a(a)(1)(B) and 8 U.S.C. §1324a(a)(2). The Settlement Agreement constitutes a final agency decision on these claims.

23. ICE relies upon Western States' admissions of violations of 8 U.S.C. §1324a(a)(1)(B) and 8 U.S.C. §1324a(a)(2) in the Settlement Agreement for its proposed debarment of Western States. By relying upon these admissions, ICE has failed to properly interpret the Settlement Agreement.

24. ICE's initiation of debarment proceedings under 48 C.F.R. §9.406 subsequent to the execution of the Settlement Agreement is improper.

25. ICE's incorrect interpretation of the Settlement Agreement as the basis of its proposed debarment of Western States and improper initiation of debarment proceedings has caused and will continue to cause Western States ongoing harm.

26. Western States seeks a declaratory judgment that the Settlement Agreement constituted a final agency decision on ICE's claims against Western States for violations of 8 U.S.C. §1324a(a)(1)(B) and 8 U.S.C. §1324a(a)(2) barring ICE from taking further action, including proposed debarment and debarment, against Western States for these violations.

27. Western States further seeks injunctive relief lifting Western States' proposed debarment status until its declaratory judgment action can be decided.

## VI. SECOND CLAIM FOR RELIEF
## (VIOLATION OF DUE PROCESS UNDER THE FIFTH AMENDMENT)

28. Western States incorporates by reference the allegations set forth in paragraphs 1 through 27 of this Complaint as fully and completely set forth herein.

29. Pursuant to the Notice of Proposed Debarment and the ARM, ICE has put Western States in a proposed debarment status, which has affected Western States' liberty interest. Western States has a right to be free from stigmatizing defamation by ICE which has an immediate and tangible effect on its ability to do business.

30. ICE has failed to provide any pre-proposed debarment or prompt post-proposed debarment hearing. As a result, ICE has erroneously deprived Western States of its liberty interest.

31. ICE has caused and will continue to cause ongoing harm to Western States.

32. Western States seeks injunctive relief lifting Western States' proposed debarment status until Defendants afford Western States a hearing on the proposed debarment.

WHEREFORE, Plaintiff Western States Reclamation, Inc. respectfully requests the Court enter judgment in its favor and against the Defendants on its claims of declaratory judgment and violation of due process under the Fifth Amendment. Plaintiff requests a declaratory judgment that the Settlement Agreement is a final agency decision on ICE's claims against Western States for violations of 8 U.S.C. §1324a(a)(1)(B) and 8 U.S.C. §1324a(a)(2) and bars ICE from taking any further action, including proposed debarment and debarment, against Western States for these violations. Plaintiff further requests injunctive relief lifting its proposed debarment status until Defendants afford Plaintiff a hearing on the proposed debarment.

DATED this 4th day of February, 2011.

s/ David E. Leavenworth
David E. Leavenworth, #27372
Theresa A. Vogel, #36694
HALL & EVANS, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202
(303) 628-3300
(303) 628-3368 facsimile
obrienk@hallevans.com
leavenworthd@hallevans.com
**ATTORNEYS FOR PLAINTIFF
WESTERN STATES RECLAMATION**

Address of Plaintiff:
3756 Imperial Street
Frederick, CO 80516

## VERIFICATION OF COMPLAINT

Plaintiff, Western States Reclamation, Inc., verifies that the allegations contained herein are true and correct to the best of its knowledge and belief.

_____
David R. Chenoweth
President
Western States Reclamation, Inc.

Subscribed and sworn to before me in **Weld County**, State of **Colorado**, this **4th** day of February, 2011 by David R. Chenoweth.

My commission expires: **09/30/14**

Witness my hand and official seal.

_____
Notary Public

[Notary Seal: JOSH MILNER, NOTARY PUBLIC, STATE OF COLORADO, My Commission Expires 09/30/2014]